UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, THE CARPENTER CONTRACTOR ALLIANCE OF METROPOLITAN NEW YORK, and the NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS, | 21 CV _____ |
| Petitioners, | |
| -against- | |
| BILTMORE GENERAL CONTRACTORS, INC., | |
| Respondent. | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PETITION TO CONFIRM ARBITRATION AWARD**

Petitioners, Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, the Carpenter Contractor Alliance of Metropolitan New York (the "Funds"), and the New York City District Council of Carpenters (the "Union" together, with the Funds, as "Petitioners") submit this Memorandum of Law in support of their Petition to Confirm an Arbitration Award against Biltmore General Contractors, Inc. ("Respondent"). As set forth herein, the arbitration award at issue was rendered pursuant to a broad arbitration clause and applied express provisions of the applicable collective bargaining agreement to facts adduced at a full hearing. Accordingly, the arbitration award should be confirmed.

**FACTS**

A full recitation of the facts is set forth in the Petition to Confirm an Arbitration Award (the "Petition"), to which this Court is respectfully referred.

**ARGUMENT**

I.  **Confirmation of the Arbitration Award is Proper Because Federal Labor Policy Favors the Confirmation of Arbitration Awards and the Court's Scope of Review of an Arbitration Award is Exceedingly Narrow**

The United States Supreme Court and the Court of Appeals for the Second Circuit hold that arbitrations of disputes held pursuant to provisions of collective bargaining agreements between employers and fringe benefit funds are liberally encouraged as basic to federal labor policy.

The fundamental principles of labor arbitration established in the Supreme Court's celebrated *Steelworker Trilogy – United Steelworkers of America v. American Manufacturing Co.*, 363 U.S. 564 (1960); *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574 (1960); and *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593 (1960) – have served the industrial relations community well by fostering reliance on arbitration as the preferred method of resolving disputes arising under the terms of a collective bargaining agreement.  *See AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 648 (1986) (noting that the principles derived from the *Steelworker* cases "have served the industrial relations community well, and have led to continued reliance on arbitrations, rather than strikes or lockouts, as the preferred method of resolving disputes arising during the term of a collective-bargaining agreement").

To effect this important public policy, the role of a court in reviewing an arbitration award is extremely limited.  An award should be confirmed so long as the arbitrator "acted within the scope of his authority" and "the award draws its essence from the agreement."  *Local 1199, Drug,*

*Hosp. & Health Care Emples. Union, RWDSU, AFL-CIO v. Brooks Drug Co.*, 956 F.2d 22, 25 (2d Cir. 1992).  Neither a disagreement with the arbitrator's finding of fact, nor a difference of opinion about the correct interpretation of the contract, is an occasion for judicial intervention.  *See, e.g.*, *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987) ("As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed a serious error does not suffice to overturn his decision."); *Abram Landau Real Estate v. Bevona*, 123 F.3d 69, 74-75 (2d Cir. 1997) ("Even if a court is convinced the arbitrator's decision is incorrect, the decision should not be vacated so long as the arbitrator did not exceed the scope of his authority.") (citing *Leed Architectural Products, Inc. v. United Steelworkers of Am. Local 6674*, 916 F.2d 63, 65 (2d Cir. 1990)).  Indeed, confirmation of an arbitration award is a "'summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'"  *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)).  Accordingly, a court "must grant the award unless the award is vacated, modified, or corrected."  *Id.* (internal quotations omitted).

Here, the independent arbitrator acted within the scope of his authority in issuing the arbitration award.  As more fully set forth in the Petition, Respondent is bound by a series of collective bargaining agreements (the "CBAs") with the Union.  Pet. ¶¶ 9-14.  The CBAs require Respondent to remit contributions to the Funds for every hour worked by its employees within the trade and geographical jurisdiction of the Union.  *Id.* at ¶ 16.  The CBAs further require Respondent to make its books and records available to the Funds for an audit.  *Id.* at ¶ 17.  The CBAs provide that in the event that any "dispute or disagreement arise between the parties hereto . . . concerning any claim arising from payments to the Fund of principal and/or interest which is

allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator. . . ." *Id.* at ¶ 20.

Here, a dispute arose between the parties when an audit of Respondent's books and records covering the period January 1, 2018 through September 27, 2019 revealed that Respondent failed to remit all required contributions to the Funds. *Id.* at ¶¶ 23-25. Accordingly, Petitioners submitted the matter to arbitration pursuant to the CBAs. *Id.* at ¶ 26. Thereafter, the arbitrator held a hearing and on November 21, 2020, he rendered an award. *Id.* at ¶ 27. Consistent with the CBAs, the arbitrator ordered Respondent to pay the Funds the sum of $115,791.94, consisting of: (1) the principal deficiency of $75,285.91; (2) interest thereon of $9,720.41.; (3) liquidated damages of $15,057.18; (4) non-audit late payment interest of $3,819.36; (5) promotional fund contributions of $129.08; (6) audit costs of $8,880; (7) court costs of $400; (8) attorneys' fee $1,500; and the (9) arbitrator's fee $1,000. *Id.* at ¶ 28.

As is evident by the foregoing facts, the arbitrator acted within the scope of his authority in issuing the arbitration award, which is consistent with the CBAs' provisions. Furthermore, the award has not been vacated, modified, or corrected. *Id.* at ¶ 31. Therefore, the Court should defer to the arbitrator and confirm the arbitration award.

**II.     The Court Should Award Petitioners Attorneys' Fees and Costs**

       A.     <u>Petitioners are Entitled to Attorneys' Fees and Costs</u>

Under the CBAs, Petitioners are entitled to an award of attorneys' fees in connection with this action to recover delinquent Fund contributions by Respondent. *Id*. at ¶ 33. The CBAs provide that:

> In the event that formal proceedings are instituted before a court of competent jurisdiction by the trustees of a Benefit Fund or Funds to collect delinquent contributions to such Fund(s), and if such court renders a judgment in favor of such Fund(s), the Employer shall pay to such Fund(s), in accordance with the judgment

of the court, and in lieu of any other liquidated damages, costs, attorney's fees and/or interest, the following:

• • •

(4) reasonable attorney's fees and costs of the action.

*Id*. at ¶ 33.

Moreover, it is well established that courts routinely award costs to the prevailing petitioners in actions to confirm an arbitration award. *See, e.g.*, *Abondolo v. Jerry WWHS Co.*, 829 F. Supp. 2d 120, 123 (E.D.N.Y. 2011) (noting that this practice "is consistent with the general principle that, in most civil suits, 'costs—other than attorney's fees—should be allowed to the prevailing party.'") (quoting Fed. R. Civ. P. 54(d)(1)). It is equally well established that "when a party fails to abide by an arbitrator's determination without justification . . . attorney's fees may be awarded." *Dist. Council No. 9 v. All Phase Mirror & Glass*, 2006 U.S. Dist. LEXIS 34836, at *4 (S.D.N.Y. May 26, 2006) (citing *Bell Prod. Engineers Ass'n v. Bell Helicopter Textron*, 688 F.2d 997, 999 (5th Cir. 1982)); *see also Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. Dejil Sys.*, 2012 U.S. Dist. LEXIS 123143, at *11 (S.D.N.Y. Aug. 29, 2012) ("In confirmation proceedings, 'the guiding principle has been stated as follows: when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded.'") (quoting *N.Y. City Dist. Council of Carpenters Pension Fund v. Angel Constr. Grp., LLC*, 2009 U.S. Dist. LEXIS 7701, at *2 (S.D.N.Y. Feb. 3, 2009)).

In light of the above-established facts, there is no justification for Respondent's failure to abide by the arbitration award. As such, should the Court confirm the award, Petitioners request costs and attorneys' fees in the amounts set forth below.

B. <u>Petitioners Seek a Reasonable Amount of Attorneys' Fees and Costs</u>

Petitioners' requested fees and costs are reasonable. Courts recognize that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours

reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). It is well-established that "the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a 'presumptively reasonable fee.'" *Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citing *Perdue v. Kenny A. ex rel. Winn*, 130 S. Ct. 1662, 1673 (2010)). The Second Circuit has explained that "[t]he actual billing arrangement certainly provides a strong indication of what private parties believe is the 'reasonable' fee to be awarded." *Crescent Publ'g Group, Inc. v. Playboy Enters.*, 246 F.3d 142, 151 (2d Cir. 2001).

In this case, counsel for Petitioners billed the Funds for the services of associate attorneys at a rate of $275 per hour, partner attorneys at a rate of $350 per hour and for the services of legal assistants at a rate of $120 per hour. *Id*. at ¶¶ 35-38. These rates were negotiated with a Board of Trustees consisting of members with long business and negotiation experience and, as such, should be viewed as rates that a reasonable client would pay. *Id.* at ¶ 39. Courts in the Southern and Eastern District of New York have routinely approved hourly rates in these ranges for Virginia & Ambinder, LLP ("V&A")'s attorneys and legal assistants. *See, e.g.*, *Empire State Carpenters Welfare, Annuity & Apprenticeship Training Funds v. Conway Constr. of Ithaca Inc.*, 2015 U.S. Dist. LEXIS 122277, at \*57 (E.D.N.Y. Aug. 11, 2015) (approving rates of $250-$300 for V&A's senior associates, $225 for its junior associates, and $100 for its legal assistants); *Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. Metro Fine Mill Work Corp.*, 2015 U.S. Dist. LEXIS 62226, at \*11 (S.D.N.Y. May 12, 2015) (approving rates of $225 for V&A's associates and $100 for its legal assistants); *In re Trs. of Empire State Carpenters Annuity, Apprenticeship, Labor Mgmt. Cooperation, Pension & Welfare Funds*, 2015 U.S. Dist. LEXIS 27093, at \*25 (E.D.N.Y. Feb. 27, 2015) (approving rates $225 for V&A's associates and $100 for its legal

assistants); *Trs. of the Plumbers Local Union No. 1 Welfare Fund v. Temperini Mech., Inc.*, 2014 U.S. Dist. LEXIS 132031, at *1 (E.D.N.Y. Sept. 19, 2014) (approving rates of $200-$250 for V&A's associates and $90 for its legal assistants); *Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. Alliance Workroom Corp.*, 2013 U.S. Dist. LEXIS 174100, *22 (S.D.N.Y. Dec. 10, 2013) (approving rates of $200 for V&A's associates and $90 for its legal assistants); *Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. Mountaintop Cabinet Mfr. Corp.*, 2012 U.S. Dist. LEXIS 123119, *16 (S.D.N.Y. Aug. 29, 2012) (approving rates of $200 for V&A's associates and $90 for its legal assistants).

As Petitioners' attorneys spent a total of 5.8 hours on this case, Petitioners should be awarded $1,640 in attorneys' fees. *Id*. at ¶ 40. Petitioners also request a reasonable amount of costs and seek the recovery for $75 in costs incurred in this action. *See id*. at ¶ 41; *see also Abondolo*, 829 F. Supp. 2d at 123.

### III. Petitioners are Entitled to Post-Judgment Interest on the Arbitration Award

Under 28 U.S.C. § 1961, Petitioners are entitled to post-judgment interest on the full judgment amount "from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment." 28 U.S.C. § 1961(a). As recognized by the Second Circuit, "[t]he award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) (citing 28 U.S.C. § 1961(a)). Accordingly, Petitioners also request that the Court award Petitioners post-judgment interest in accordance with 28 U.S.C. § 1961's provisions.

## **CONCLUSION**

For the reasons and upon the authority set forth above and in the Petition, the arbitration award should be confirmed and judgment should be entered in favor of the Petitioners and against Respondent in the amount of $115,791.94, pursuant to the November 21, 2020 arbitration award, plus attorneys' fees in the amount of $1,640, costs in the amount of $75, post-judgment interest at the statutory rate, and award Petitioners such other and further relief as is just and proper.

Dated: New York, New York
       March 17, 2021

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By:       /s/
     Marlie Blaise, Esq.
     40 Broad Street, 7th Floor
     New York, New York 10004
     Tel: (212) 943-9080
     Fax: (212) 943-9082
     *Attorneys for Petitioners*