UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TRUSTEES OF THE NEW YORK CITY :
DISTRICT COUNCIL OF CARPENTERS :
PENSION FUND, WELFARE FUND, ANNUITY :
FUND, and APPRENTICESHIP, :
JOURNEYMAN RETRAINING, :
EDUCATIONAL AND INDUSTRY FUND, :
TRUSTEES OF THE NEW YORK CITY : 21 Civ. 2317 (PAC)
CARPENTERS RELIEF AND CHARITY FUND, :
THE CARPENTER CONTRACTOR ALLIANCE :
OF METROPOLITAN NEW YORK, and THE : **OPINION & ORDER**
NEW YORK CITY DISTRICT COUNCIL OF :
CARPENTERS, :
 :
                     *Petitioners*, :
 :
   -*against*- :
 :
BILTMORE GENERAL CONTRACTORS, INC., :
 :
                     *Respondent*. :
-------------------------------------------------------------X

Petitioners move to confirm an arbitration award entered in their favor for Respondent's failure to make certain contributions to various funds as their collective bargaining agreement required. Because Respondent has not appeared and the time to answer has lapsed, the motion is deemed unopposed. For the following reasons, the Court GRANTS Petitioners' motion to confirm the arbitration award.

## BACKGROUND

Between 2009 and 2015, Respondent Biltmore General Contractors "executed a series of letters of assent" (Pet. Confirm Arb. ¶ 9, ECF No. 1) binding it to (i) the New York City Agency Renovation and Rehabilitation of City Owned Buildings and Structures Project Labor Agreement, (ii) the New York City Housing Authority Project Labor Agreement, and (iii) the Project Labor Agreement Covering Specified Construction Work Under the Capital

Improvement Program on Behalf of the New York City School of Construction Authority (collectively, the "PLAs"). Pet. Confirm Arb. Exs. A–D, ECF Nos. 1-1–1-4. The PLAs bound Respondent to the New York City District Council of Carpenters' (the "Union") collective bargaining agreements: the 2011–2015 Independent Building Construction Agreement, and the 2017–2024 Independent Building Construction Agreement (the "CBAs"). Pet. Confirm Arb. Exs. B–F, ECF Nos. 1-2–1-6.

The PLAs and CBAs required Respondent to remit contributions to Petitioners Trustees of the New York City District Council of Carpenters Pension, Welfare, Annuity, Apprenticeship, Journeyman Retraining and Educational and Industry Funds, and Trustees of the New York City District Council of Carpenters Relief and Charity Fund (collectively, the "Funds") for every hour its employees worked within the trade and geographical jurisdiction of the Union. Ex. B, Art. 11 § 2(A), ECF No. 1-2; Ex. C, Art. 11 § 2(A), ECF No. 1-3; Ex. D, Art. 11 § 2(A), ECF No. 1-4; Ex. E, Art. XV § 1, ECF No. 1-5; Ex. F, Art. XV § 1, ECF No. 1-6. The CBAs further required Respondent to submit to audits conducted by the Funds to ensure Respondent's compliance with its contribution obligations. Ex. E, Art. XV § 1; Ex. F, Art. XV § 1.

The CBAs allow either party to seek arbitration of any dispute between them concerning contributions, and provide the arbitrator with the full authority to decide all issues and fashion an appropriate remedy. Ex. E, Art. XV § 7; Ex. F, Art XV § 7. Pursuant to the CBAs, Respondent is also bound to the Funds' Revised Statement of Policy for Collection of Employer Contributions (the "Collection Policy"). Ex. E, Art. XV § 3; Ex. F, Art. XV § 3; Ex. G, ECF No. 1-7.

The CBAs and the Collection Policy provide that if the Funds are required to arbitrate a dispute or file a lawsuit over unpaid contributions, the Funds will be entitled to collect, in

addition to the delinquent contributions: (1) interest on the unpaid contributions at the prime rate of Citibank plus 2%; (2) the greater of (a) the interest charges on the unpaid contributions or (b) liquidated damages in the amount of 20% of the unpaid contributions; and (3) reasonable costs and attorneys' fees the Funds incur in collecting the delinquencies.  Ex. E, Art. XV § 6(a)(6); Ex. F, Art. XV § 6(b); Ex. G, § IV(11), V(4)–(6).

In accordance with the CBAs, Petitioners audited Respondent and discovered that Respondent owed contributions to the Funds; when Respondent failed to remit the contributions, Petitioners initiated arbitration to resolve the dispute.  Pet. Confirm Arb. ¶¶ 23–26.  The arbitrator sent Respondent notice of the arbitration, but Respondent failed to attend.  Ex. H, ECF No. 1-8; Ex. I at 1–2, ECF No. 1-9.

On November 21, 2020, following a hearing, the arbitrator found that Respondent failed to remit the CBAs-required contributions, and ordered Respondent to pay the Funds the sum of $115,791.94, consisting of: (1) a principal deficiency of $75,285.91; (2) interest on the deficiency of $9,720.41; (3) liquidated damages of $15,057.18; (4) non-audit late payment interest of $3,819.36; (5) promo fund delinquency of $129.08; (6) court costs of $400; (7) attorneys' fees of $1,500; (8) the arbitrator's fee of $1,000; and (9) audit costs of $8,880 (the "Award").  Ex. I, at 2–3.  The arbitrator also found that interest at the rate of 5.25% will accrue on the Award from the date of its issuance.  *Id.* at 3.  Respondent has not paid the Award.  Pet. Confirm Arb. ¶ 30.

## **DISCUSSION**

When reviewing an arbitration award, a district court should give "great deference" to the arbitrator's determinations.  *See Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v.*

*Sky Heights Constr. Corp.*, No. 18 Civ. 5852, 2019 WL 988702, at *2 (S.D.N.Y. Feb. 28, 2019). Where a party petitions for confirmation of an arbitration award pursuant to an agreement between the parties that a court may enter judgment on an award, the court must grant the petition "unless the award is vacated, modified, or corrected." 9 U.S.C. § 9; *see also Scandinavian Reinsurance Co. Ltd. v. Saint Paul Fire and Marine Ins. Co.*, 668 F.3d 60, 78–79 (2d Cir. 2012). Such arbitration awards get "very limited review." *Drywall Tapers & Pointers of Greater N.Y. Loc. Union 1974, Affiliated with Int'l Union of Allied Painters & Allied Trades, AFL-CIO v. CCC Custom Carpentry Corp.*, 20 Civ 946, 2020 WL 4500180, at *2 (S.D.N.Y. Aug. 5, 2020) (quoting *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997)). Only a "barely colorable justification for the outcome reached" is necessary for a court to confirm an arbitration award. *Landy Michaels Realty Corp. v. Loc. 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992).

Here, the petition to confirm the Award is unopposed, and the Court treats it as an unopposed motion for summary judgment, considering the merits of the motion. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006); *CCC Custom Carpentry Corp.*, 2020 WL 4500180, at *3.

Petitioners' motion is meritorious: no material issue of fact remains for trial, and Petitioners are entitled to judgment as a matter of law. *See N.Y.C. Dist. Council of Carpenters v. Nguyen Custom Woodworking LLC*, No. 18-cv-3970, 2018 WL 5919520, at *2 (S.D.N.Y. Nov. 13, 2018); Fed. R. Civ. P. 56(a). Petitioners' undisputed evidence demonstrates that Respondent was bound by the terms of the CBAs, which required Respondent to make specified contributions to the funds and provided for arbitration in the event of any dispute. *See* Exs. A–F. Respondent neither appeared at the arbitration hearing nor opposed the motion to confirm the

Award, and thus has not raised any questions of fact. The arbitrator's Award was based on an audit report which revealed that Respondent owed $100,063.50 in principal and interest. Ex. I at 3. The arbitrator's award of principal, interest, liquidated damages, promo fund delinquency, court costs, attorneys' fees, the arbitrator's fee, and the audit costs is supported by provisions of the CBAs and the Collection Policy. Ex. E, Art. XV §§ 6(a)(6), 7; Ex. F, Art. XV § 6(b); Ex. G, § IV(11), V(4)–(6). Accordingly, Petitioners are entitled to confirmation of the Award in the amount of $115,791.94, plus interest at the annual rate of 5.25% from the date of the Award through the date this judgment is entered.

Petitioners also move for attorneys' fees and costs expended in bringing this petition to confirm the arbitration Award, along with post-judgment interest at the statutory rate. The CBAs and the Collection Policy contemplate these fees, costs, and interest, and the Court is justified in awarding them. Ex. E, Art. XV § 6(a)(4); Ex. F, Art. XV § 6(a)(4); Ex. G, § IV(11), V(5)–(7). The 5.8 hours of time Petitioners' counsel billed on this matter is less time than courts have approved in similar cases, and the rates ($275 per hour for associate Marlie Blaise and $350 per hour for partner Nicole Marimon) are reasonable. *See Nguyen Custom Woodworking LLC*, 2018 WL 5919520, at *3. Post-judgment interest under 28 U.S.C. § 1961(a) is mandatory and "applies to actions to confirm arbitration awards," so the Court will award it, too. *Id.* at *2; *see also CCC Custom Carpentry Corp.*, 2020 WL 4500180, at *4.

# CONCLUSION

Petitioners' motion to confirm the arbitration Award is GRANTED. Respondent is ordered to pay the Funds one hundred fifteen thousand, seven hundred ninety-one & 94/100 dollars ($115,791.94), with interest to accrue at the rate of 5.25% from the date of the arbitration Award, November 21, 2020, through today, June 29, 2021. Post-judgment interest will accrue at the statutory rate (28 U.S.C. § 1961(a)). The Court also awards Petitioners $75 in costs and $1,640 in attorneys' fees arising out of this proceeding.

The Clerk of Court is directed to enter judgment and close this case.

Dated: New York, New York  
      June 29, 2021

SO ORDERED

_____  
HONORABLE PAUL A. CROTTY  
United States District Judge